CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 06 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KIMBERLY GRANT BENNETT, | ) | |
|     Petitioner | ) | Civil Action No. 7:14cv00222 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN, | ) | By: Michael F. Urbanski |
|     Respondent. | ) | United States District Judge |

Petitioner, Kimberly Grant Bennett, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging two separate judgments from the Circuit Court of Amherst County, Virginia, convicting her of offenses involving possession of a firearm, drug distribution, and child neglect. Bennett argues that counsel provided ineffective assistance on several grounds and that the evidence was insufficient to support her convictions. The court finds that Bennett's challenges to her firearm and drug convictions are untimely filed, that her ineffective assistance of counsel claims are procedurally barred, and that the state court's adjudication of her sufficiency of the evidence claims was not contrary to, or an unreasonable application of, clearly established federal law and did not result in a decision that was based on an unreasonable determination of the facts. Therefore, the court grants respondent's motion to dismiss.

I.

Bennett is detained pursuant to two judgments of the Circuit Court of Amherst County entered on June 14, 2011 and August 24, 2011. On June 14, 2011, the court convicted Bennett of possessing a firearm as a convicted felon, in violation of Virginia Code § 18.2-308.2, and distributing cocaine, in violation of Virginia Code § 18.2-348, and sentenced her to total active term of two years of incarceration. Bennett appealed these convictions, arguing that the evidence was insufficient to support her convictions. The Court of Appeals of Virginia denied her appeal

on January 19, 2012 and the Supreme Court of Virginia refused her appeal on July 2, 2012. Bennett did not file a petition for writ of certiorari to the Supreme Court of the United States.

On August 24, 2011, the Circuit Court of Amherst County convicted Bennett of child neglect, in violation of Virginia Code § 18.2-371.1, and sentenced her to a total active term of ten months of incarceration. Bennett appealed this conviction, arguing that the evidence was insufficient to support her conviction. The Court of Appeals of Virginia denied her appeal on August 8, 2012, and the Supreme Court of Virginia refused her appeal on January 25, 2013. Bennett did not file a petition for writ of certiorari to the Supreme Court of the United States.

Bennett, proceeding without counsel, filed a state habeas petition in the Circuit Court of Amherst County on January 24, 2014, alleging that the evidence was insufficient to support her convictions, counsel provided ineffective assistance, and Bennett never heard the audio recording counsel told her about. On March 31, 2014, the circuit court dismissed Bennett's habeas petition, finding that her claims concerning her drug and firearm convictions were untimely filed pursuant to Virginia Code § 8.01-654(A)(2), that her claims concerning sufficiency of the evidence were not cognizable in habeas corpus under Henry v. Warden, 265 Va. 246, 249, 576 S.E.2d 495, 496 (2003), because they were previously litigated on direct appeal, that her ineffective assistance of counsel claims failed on their merits under Strickland v. Washington, 466 U.S. 668 (1984), and that her claim concerning the audio recording was without merit. Bennett did not appeal this decision to the Supreme Court of Virginia.

Bennett filed the instant federal habeas petition on May 22, 2014, alleging that the evidence was insufficient to support her convictions and that counsel provided ineffective

assistance on several grounds.[1] The court served Bennett's petition upon the respondent, and this matter is currently before the court on respondent's motion to dismiss.

## II.

Bennett's claims concerning her firearm and drug convictions are untimely filed and, therefore, the court dismisses them. A one-year statute of limitations applies when a person in custody pursuant to the judgment of a state court files a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d).[2] A petitioner must demonstrate either the timeliness of her petition pursuant to § 2244(d) or that the principle of equitable tolling applies in her case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1).

---

[1] The court notes that Bennett filed an amended petition (Docket No. 3) which superseded her original petition and, in doing so, she dropped her claim concerning the investigation of her case. Specifically, she argued that the police department conducted an "improper and faulty" investigation because she "was approached to become a snitch" and when she refused, they "targeted" her. In addition to failing to state a cognizable federal habeas claim, this claim would also be procedurally defaulted because Bennett never presented the claim to the Supreme Court of Virginia and has not shown any ground to excuse her default.

[2] Under 28 U.S.C. § 2244(d)(1), a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Here, Bennett has alleged nothing to support the application of § 2244(d)(1)(B)-(D).

Under § 2244(d)(1)(A), Bennett's firearm and drug convictions became final on October 1, 2012, when her time to file a petition for writ of certiorari to the Supreme Court of the United States expired. Therefore, Bennett had until October 1, 2013 to file a timely federal habeas petition. Bennett did not meet this deadline; in fact, by that date, Bennett had yet to file her state habeas petition.[3] Accordingly, Bennett's claims concerning her firearm and drug convictions are barred unless she demonstrates grounds for equitable tolling of the one-year statute of limitations.

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris, 209 F.3d at 330). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010).

In support of an equitable tolling argument, Bennett states that counsel "misinformed" her as to her "appeal processing" and that she was not "aware of all the petitions that could have been filed" until recently. However, these allegations are not sufficient grounds to equitably toll the statute of limitations. See Rouse, 339 F.3d at 248 (quoting Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling.")); Harris, 209 F.3d at 330-31; United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."). Further, Bennett has not demonstrated that she exercised reasonable diligence in investigating and bringing her claims. Therefore, the court finds that Bennett has

---

[3] Bennett's one-year limit had already run by the time she filed her state habeas petition in the Circuit Court of Amherst County. Therefore, Bennett's state petition afforded her no tolling under § 2244(d)(2) as to her firearm and drug convictions.

4

not demonstrated any grounds for equitable tolling and, thus, her petition is untimely as to her firearm and drug convictions.[4] The court will, however, address Bennett's claims as they relate to her child neglect conviction.

### III.

Bennett alleges that counsel provided ineffective assistance on several grounds.[5] The court finds that these claims are procedurally defaulted and Bennett has not demonstrated grounds to excuse her default. Accordingly, the court dismisses these claims.

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted [her] state remedies by presenting [her] claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000); see O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). In Virginia, a non-death row felon ultimately must present her claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court may consider her claims. See Va. Code § 8.01-654. In this case, Bennett did not present her ineffective assistance of counsel claims to the Supreme Court of Virginia.

However, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state

---

[4] To the extent Bennett argues that failure to equitably toll the statute of limitations would result in a fundamental miscarriage of justice because she is innocent of her convictions, her argument fails. The Supreme Court recognized in McQuiggin v. Perkins, __ U.S. __, 133 S. Ct. 1924, 1928 (2013), an actual innocence exception to AEDPA's time limitations. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995); see McQuiggin, 133 S. Ct. at 1935. "To be credible, such a claim requires petitioner to support [her] allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Here, Bennett has not demonstrated that is more likely than not that no reasonable juror would have found her guilty beyond a reasonable doubt and, thus, her allegation of innocence is insufficient to excuse the untimely filing of her habeas claims concerning her firearm and drug convictions.

[5] Bennett alleges that trial counsel "did not explain to [her] all proceedings to be taken after appeals were concluded," failed to "raise the issue of the DNA," failed to "bring in a witness that could testify that [she] had purchased a pizza the night in question," and failed to "expos[e] Investigator Begley or [informant] Mr. Pannell." Bennett also complains that counsel advised her not to testify.

5

law if the petitioner attempted to present it to state court." Baker, 220 F.3d at 288; see Gray v. Netherland, 518 U.S. 152, 161 (1986). If Bennett were to attempt to raise ineffective assistance of counsel claims to the Supreme Court of Virginia now, that court would find the claims untimely and procedurally barred. See Va. Code § 8.01-654(A)(2), (B)(2). Consequently, Bennett's claims are now simultaneously exhausted and procedurally barred from federal habeas review. See, e.g., Teague v. Lane, 489 U.S. 288, 297-99 (1989); Basette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990); Sparrow v. Dir., Dep't. of Corr., 439 F. Supp.2d 584, 587-88 (E.D. Va. 2006).

A state prisoner can obtain federal habeas review of a procedurally defaulted claim, however, if she shows either (1) cause and prejudice or (2) a miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). To show cause, a petitioner must demonstrate that there were "objective factors," external to her defense, which impeded her from raising her claim at an earlier stage. Murray v. Carrier, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show that the alleged constitutional violation worked to her actual and substantial disadvantage, infecting her entire trial with error of a constitutional magnitude. Id. at 488. Generally, "[n]egligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.'" Maples v. Thomas, 565 U.S. ___, 132 S. Ct. 912, 922 (2012). However, in states like Virginia, where collateral review is the first proceeding in which petitioner can raise a claim that trial counsel was ineffective, a procedural default committed during that initial-review collateral proceeding will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. Martinez v. Ryan, ___ U.S. ___, 132 S. Ct. 1309, 1320 (2012). The court defined "initial review proceedings" as the "collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." Id. at 1315. The Court cautioned

6

Case 7:14-cv-00222-MFU-RSB   Document 22   Filed 03/06/15   Page 6 of 10   Pageid#: 242

that its holding was extremely narrow and that Coleman would govern "in all but the limited circumstances recognized here." The Court also explicitly noted that its holding did not extend to "attorney errors . . . in appeals from initial-review collateral proceedings. Id. at 1320; see also Mills v. Pearson, No. 1:13cv317, 2014 U.S. Dist. LEXIS 18008, *9, 2014 WL 559675, *3 (E.D. Va. Feb. 12, 2014) (holding that Martinez also does not apply to a habeas appeal where the petitioner was without counsel).

In response to the motion to dismiss, Bennett argues that her ineffective assistance of counsel claims are defaulted because she "lack[ed] proper counsel." Bennett's situation does not fall within the scope of the Martinez exception, however. Here, Bennett raised her ineffective assistance claims in the state habeas petition filed with the circuit court.[6] Bennett's procedural default of her ineffective assistance claims occurred when she failed to appeal the circuit court's decision to the Supreme Court of Virginia, not during the initial collateral review proceeding in the circuit court. Therefore, Martinez does not provide any basis to overcome Bennett's procedural default of her ineffective assistance claims and Bennett offers no other cause or prejudice to excuse her procedural default.

The "miscarriage of justice" exception is a narrow exception to the cause requirement. A habeas petitioner falls within this narrow exception if she can demonstrate that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. Id. at 496. Bennett has not demonstrated that she is actually innocent of child neglect. Accordingly, the court finds that these claims are barred from federal habeas review and, therefore, dismisses them.

---

[6] To the extent any of Bennett's claims of ineffective assistance filed in the federal habeas petition may be construed as not having been raised in the state habeas petition, those claims would also be procedurally barred because Bennett did not present them in the initial-review collateral proceeding. Martinez would still not provide a basis to overcome Bennett's procedural default of these claims because none of Bennett's ineffective assistance claims are substantial.

7

## IV.

Bennett alleges that the evidence presented at trial was insufficient to support her child neglect conviction. In support of this claim, Bennett argues that several witnesses for the Commonwealth were not credible and that the evidence did not establish the elements of the offense. The Court of Appeals of Virginia adjudicated this claim and rejected it, finding that there was sufficient evidence to support a finding of guilt beyond a reasonable doubt.[7] This court finds that the state court's adjudication of this claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based an unreasonable determination of the facts.

Federal habeas review of a claim challenging the constitutional sufficiency of the evidence supporting a conviction is limited to determining "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). In determining whether the state court reasonably applied this principle, the federal habeas court must determine whether the state court's decision is minimally consistent with the record and must give deference to the findings of fact made by both the trial and appellate courts. 28 U.S.C. § 2254(d); Bell v. Jarvis, 236 F.3d 149, 159 (4th Cir. 2000); Howard v. Moore, 131 F.3d 399, 406 (4th Cir. 1997) (citing Sumner v. Mata, 449 U.S. 539, 546-47 (1981)). The fact finder, rather than the reviewing court, is charged with "resolv[ing] conflicts in the testimony, [weighing] the evidence, and [drawing] reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319. Circumstantial as well as direct evidence must be considered, and the prosecution must be given the benefit of all reasonable

---

[7] In denying Bennett's petition for appeal on direct review, the Supreme Court of Virginia, in effect, adjudicated Bennett's claim regarding the sufficiency of the evidence. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); Thomas v. Davis, 192 F.3d 445, 453 n.6 (4th Cir. 1999).

8

Case 7:14-cv-00222-MFU-RSB   Document 22   Filed 03/06/15   Page 8 of 10   Pageid#: 244

## IV.

Bennett alleges that the evidence presented at trial was insufficient to support her child neglect conviction. In support of this claim, Bennett argues that several witnesses for the Commonwealth were not credible and that the evidence did not establish the elements of the offense. The Court of Appeals of Virginia adjudicated this claim and rejected it, finding that there was sufficient evidence to support a finding of guilt beyond a reasonable doubt.[7] This court finds that the state court's adjudication of this claim was not contrary to, or an unreasonable application of, clearly established federal law and was not based an unreasonable determination of the facts.

Federal habeas review of a claim challenging the constitutional sufficiency of the evidence supporting a conviction is limited to determining "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). In determining whether the state court reasonably applied this principle, the federal habeas court must determine whether the state court's decision is minimally consistent with the record and must give deference to the findings of fact made by both the trial and appellate courts. 28 U.S.C. § 2254(d); Bell v. Jarvis, 236 F.3d 149, 159 (4th Cir. 2000); Howard v. Moore, 131 F.3d 399, 406 (4th Cir. 1997) (citing Sumner v. Mata, 449 U.S. 539, 546-47 (1981)). The fact finder, rather than the reviewing court, is charged with "resolv[ing] conflicts in the testimony, [weighing] the evidence, and [drawing] reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319. Circumstantial as well as direct evidence must be considered, and the prosecution must be given the benefit of all reasonable

---

[7] In denying Bennett's petition for appeal on direct review, the Supreme Court of Virginia, in effect, adjudicated Bennett's claim regarding the sufficiency of the evidence. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); Thomas v. Davis, 192 F.3d 445, 453 n.6 (4th Cir. 1999).

8

Case 7:14-cv-00222-MFU-RSB   Document 22   Filed 03/06/15   Page 8 of 10   Pageid#: 244

inferences. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Circumstantial evidence alone can be sufficient to support a conviction. Stamper v. Muncie, 944 F.2d 170, 174 (4th Cir. 1991). The federal court does not weigh the evidence or consider the credibility of witnesses. United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983).

In addressing the sufficiency of the evidence in Bennett's direct appeal, the Court of Appeals of Virginia found that:

> [T]he evidence proved that on October 13, 2011, Investigator Begley of the Amherst Sheriff's Department had set up a controlled buy of cocaine between a confidential informant and [Bennett's] husband. The exchange was to take place in the parking lot of a take-out pizza restaurant. The informant contacted [Bennett's] husband by telephone, and thereafter the husband [drove to] the pizzeria with [Bennett] and her young son in the car.
>
> Once the parties arrived in the parking lot, Begley observed the drug transaction take place from across the street. Although he did not actually see the hand-to-hand exchange of drugs or money, he listened to the exchange via the informant's body wire. Begley testified he observed someone in the passenger seat during the exchange but could not identify that person from his vantage point. He also observed [Bennett's] small child in the backseat during the transaction. He testified no one exited the vehicle during the transaction.
>
> The confidential informant testified he purchased cocaine from [Bennett's] husband in the parking lot of the pizza restaurant. He stated he was "pretty sure" that when he bought the cocaine, [Bennett] and her little boy were in the car with her husband.
>
> When Officer Dodson later stopped the vehicle to serve outstanding warrants on the husband, he recovered a loaded pistol from the console between the driver and passenger seats.
>
> Both [Bennett] and her husband testified that [Bennett] and her son were inside the pizzeria purchasing a take-out pizza when the exchange took place. Husband also stated that they had no knowledge of the transaction and he did not think [Bennett] knew about the firearm concealed in the console. Both [Bennett] and her husband are convicted felons. Investigator Begley did not find a pizza box in the car when he searched it.
>
> * * *
>
> The trial court found that a drug transaction took place in the car and in the presence of a loaded gun. The trial court concluded that allowing a child to

remain in a vehicle during a drug transaction is "gross, it's wanton, and it's culpable, and it's reckless. And it's certainly a willful act or omission." . . . After weighing the evidence, the trial court concluded [Bennett's] evidence regarding purchasing a pizza was "simply made up and not credible" and rejected that testimony.

The Court of Appeals found no error with the trial court's credibility determination and held that "[t]he Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that [Bennett] was aware of the drug transaction and knowingly allowed her son to remain in the car while the sale took place." This court finds that, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of child neglect beyond a reasonable doubt.[8] Accordingly, the court finds that the state court's adjudication was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts. Further, although Bennett argues that the prosecution's witnesses were not credible, the circuit court found their testimony to be credible, and it is not the role of a federal court to review the credibility of witnesses. United States v. Hobbs, 136 F.3d 384, 391 n.11 (4th Cir. 1998); United States v. Reavis, 48 F.3d 763, 771 (4th Cir. 1995); United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Instead, the federal court is bound by credibility determinations made by the state court trier of fact. Arrington, 719 F.2d at 704. Therefore, the court dismisses Bennett's sufficiency of the evidence claim.

ENTER: This 6th day of March, 2015.

/s/ Michael F. Urbanski
_____
United States District Judge

---

[8] To be convicted under Virginia Code § 18.2-371(B)(1), an individual must engage in a "willful act or omission in the care of [a] child [that is] so gross, wanton and culpable as to show a reckless disregard for human life."

Case 7:14-cv-00222-MFU-RSB   Document 22   Filed 03/06/15   Page 10 of 10   Pageid#: 246